

U.S. Department of Justice

United States Attorney
Eastern District of New York

TM:NR

271 Cadman Plaza East
Brooklyn, New York 11201

July 1, 2016

By Hand and ECF

The Honorable Steven L. Tiscione
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: In re Grand Jury Subpoenas
           Docket Nos. 16-MC-1300, 16-MC-1301, 16-MC-1302,
           16-MC-1303, 16-MC-1304, 16-MC-1305, 16-MC-1306,
           16-MC-1307, 16-MC-1308, 16-MC-1309, 16-MC-1310,
           16-MC-1311, 16-MC-1312, 16-MC-1313 and 16-MC-1314

Dear Judge Tiscione:

      The government respectfully submits this letter to provide the Court with legal authority relating to the fifteen applications seeking orders from the Court, pursuant to 18 U.S.C. § 2705(b), directing subpoena recipients not to disclose the existence of the grand jury subpoenas (the "Applications"). The applications (and proposed orders) were presented to your Honor in his role as Duty Magistrate Judge on Monday, June 27, 2016.

Procedural Background

      The government initially presented the Applications to Magistrate Judge James Orenstein on May 10, 2016, in his capacity as the Duty Magistrate Judge for that date. On May 12, 2016, Judge Orenstein issued a Memorandum and Order, denying the Applications "without prejudice to renewal upon a particularized showing of need." (Memorandum and Opinion, dated May 12, 2016 (the "May 12 Opinion" at 12). Judge Orenstein also stated that "should the government renew its applications based on individualized evidence that disclosure of a given subpoena will result in any of the harms listed in Section 2705(b), it should be prepared to demonstrate legal authority for the imposition of a secrecy requirement on a federal grand jury witness notwithstanding the specific prohibition in Rule 6."

Subsequent to the May 12 Opinion, the Assistant United States Attorneys responsible for each individual Application made revisions to the individual Applications, providing additional factual specificity that he or she believed would enable the Court to make a particularized showing of need as contemplated by the May 12 Opinion. Assistant United States Attorney Saritha Komatireddy gathered the Applications and prepared to deliver the Applications to the Duty Magistrate Judge on Friday June 24, 2016.[1] However, AUSA Komatireddy was unexpectedly called out of the country on work-related travel and asked the undersigned to deliver them at the beginning of the following week.

On Monday, June 27, 2016, the undersigned delivered the revised Applications to the Court's law clerk. The undersigned advised the Court's clerk that the Applications had previously been denied by Judge Orenstein (acting in his capacity as the Duty Magistrate Judge) and that the reason for these denials was that Judge Orenstein did not believe the government had set forth in the Applications a particularized showing of facts necessary to support the issuance of the requested non-disclosure orders. The undersigned further indicated that the government believed that the renewed Applications now contained a sufficient factual basis to make a particularized showing of need with respect to each individual Application.[2]

Legal Authority

As noted above, Judge Orenstein indicated in the May 12 Opinion that the government should be prepared to demonstrate legal authority for the imposition of non-disclosure requirement on federal grand jury witness. The government was and is prepared to present that authority and does so here.

As an initial matter, a basic principle of statutory construction is that "later enacted statutes take priority over older ones." Kolev v. Euromotors West/The Auto Gallery, 658 F.3d 1024, 1029 (9th Cir. 2011); Jackson v. Stinnett, 102 F.3d 132, 135 (5th Cir. 1996) ("a statute passed after the effective date of a federal rule repeals the rule to the extent that it

---

[1] Consistent with the government's regular practice with respect to applications made to the a Duty Magistrate Judge, the government brought the renewed application to the Duty Magistrate Judge on duty on the date the renewed Applications were being made.

[2] While the undersigned informed the Court's clerk about the prior denial of the Applications and the basis for that denial, the undersigned did not provide a copy of the May 12 Opinion to the Court or its staff or otherwise inform the Court's law clerk that Judge Orenstein had previously issued a written opinion on the Applications. The undersigned apologizes for this unintentional oversight.

actually conflicts"). Section 2705(b)[3] was enacted in 1986, whereas the "no obligation of secrecy" component of Rule 6(e) dates to the adoption of the Federal Rules of Criminal Procedure in 1944. See Electronic Communications Privacy Act of 1986 § 201, Pub. L. No. 99-508, 100 Stat. 1984 (1986) (enacting § 2705(b)); Advisory Committee Notes on Fed. Rule Crim. Proc. 6, 1944 Adoption Note ("The rule does not impose any obligation of secrecy on witnesses."); United States v. Proctor & Gamble Co., 356 U.S. 677, 681 n.5 (1958) (quoting Rule 6(e) as stating "No obligation of secrecy may be imposed on any person except in accordance with this rule.").

      Moreover, § 2705(b) takes precedence because it is more specific than Rule 6(e)(2), and "a more specific statute will be given precedence over a more general one." Corley v. United States, 556 U.S. 303, 129 S. Ct. 1558, 1568 (2009). Rule 6(e)(2) is applicable to grand jury subpoenas in general, whereas § 2705(b) applies only to one specific and limited class of grand jury subpoenas: grand jury subpoenas issued to providers of electronic communication service or remote computing service for records or information pertaining to their customers and subscribers, where a court finds reason to believe that notification of the existence of the subpoenas will result in a specified adverse result.

      Further, § 2705(b) takes precedence over Rule 6(e)(2) because under the Rules Enabling Act, a procedural rule such as Rule 6(e) "shall be consistent with Acts of Congress." 28 U.S.C. § 2071(a). Cf. Gerritsen v. Escobar y Cordova, 688 F. Supp. 556

---

[3]     Section 2705(b) states:

A governmental entity acting under section 2703, when it is not required to notify the subscriber or customer under section 2703(b)(1), or to the extent that it may delay such notice pursuant to subsection (a) of this section, may apply to a court for an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order. The court shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in—

    (1)  endangering the life or physical safety of an individual;
    (2)  flight from prosecution;
    (3)  destruction of or tampering with evidence;
    (4)  intimidation of potential witnesses; or
    (5)  otherwise seriously jeopardizing an investigation or unduly delaying a trial.

18 U.S.C. § 2705(b).

(C.D. Cal. 1988) (stating that under 28 U.S.C. § 2071, local rules "must not impede the policies behind [Acts of Congress] as well as avoiding outright contradiction"); see also "[a] statute enacted subsequently to a rule promulgated under the [Rules Enabling] Act, however, trumps the rule." Local Union No. 38, Sheet Metal Workers' Intern. Ass'n, AFL-CIO v. Custom Air Systems, Inc., 333 F.3d 345, 348 (2d Cir. 2003). Moreover, this result is consistent with more general constitutional principles. Under the Constitution, "Congress has undoubted power to regulate the practice and procedure of federal courts." Sibbach v. Wilson & Co., 312 U.S. 1, 9 (1941). Although Congress has delegated some rulemaking authority to the Judicial Branch through the Rules Enabling Act, see Mistretta v. United States, 488 U.S. 361, 388 (1989), Congress retains its authority to regulate court practice, including the authority to impose secrecy requirements beyond what Rule 6(e) contemplated.

Here, there is a facial contradiction between Rule 6(e)(2)'s general prohibition on placing non-disclosure obligations on grand jury witnesses and the government's statutory ability to seek judicial authorization to impose such non-disclosure obligations in certain instances under § 2705(b). The case law cited above, coupled with the black letter tenets of statutory construction, make clear that Congress can, through its specific legislative acts, limit or otherwise set aside the general rules regarding grand jury secrecy in Rule 6(e)(2). To determine otherwise would call into question not only the non-disclosure provisions set forth in Section 2705(b), but also, for instance, non-disclosure provisions set forth in §§ 943 and 962 of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 and Section 1532 of the Annunzio-Wyle Anti-Money Laundering Act of 1992. See 12 U.S.C. § 3420(b) and 18 U.S.C. § 1510(b). Moreover, it would create the practical effect that the only means by which Congress could enact changes to grand jury secrecy provisions would be through amendments to Rule 6(e). That result would assume Congress engaged in a wholesale abdication of its power through the rulemaking process, which simply did not occur.

4

For all of the foregoing reasons, the Court has the authority to issue non-disclosure orders pursuant to 18 U.S.C. § 2705(b).

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By: \_\_\_\_\_/s_____
Nathan Reilly
Assistant U.S. Attorney
(718) 254-6196

cc: Clerk of the Court (via ECF)
Hon. James Orenstein, U.S.M..J. (via hand)